IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUNOCO PARTNERS MARKETING & TERMINALS L.P., <br><br> Plaintiff, <br> v. <br><br> U.S. VENTURE, INC., U.S. OIL CO., INC., AND TECHNICS, INC., <br><br> Defendants. | CIVIL ACTION NO. 1:15-CV-8178 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Sunoco Partners Marketing & Terminals L.P. ( "Plaintiff" or "Sunoco") files this Complaint for Patent Infringement against Defendants U.S. Venture, Inc., U.S. Oil Co., Inc. and Technics, Inc. (collectively, "Defendants") as set forth below:

**PARTIES**

1. Plaintiff Sunoco Partners Marketing & Terminals L.P. is a limited partnership organized under the laws of the State of Texas, with its principal place of business in the United States located at 1818 Market Street, Suite 1500, Philadelphia, Pennsylvania 19103. Plaintiff Sunoco Partners Marketing & Terminals L.P. is the owner, by assignment, of all right, title and interest to U.S. Patent Nos. 6,679,302; 7,032,629; and 7,631,671.

2. Upon information and belief, U.S. Venture, Inc. ("U.S. Venture") is a corporation organized under the laws of the State of Wisconsin, with its principal place of business located at 425 Better Way, Appleton, Wisconsin 54915. Defendant U.S. Venture's registered agent for service of process in Illinois is CT Corporation System, 208 So. Lasalle St., Suite 814, Chicago, IL 60604.

3. Upon information and belief, U.S. Oil Co., Inc. ("U.S. Oil") is a wholly owned subsidiary and/or division of U.S. Venture with its principal place of business at 425 Better Way, Appleton, Wisconsin 54915. Upon information and belief, Defendant U.S. Oil does not maintain a registered agent for service of process in Illinois, but may be served through an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

4. Upon information and belief, Technics, Inc. ("Technics") is a corporation organized under the laws of the State of Illinois, with its principal place of business located at 608 South Washington, Naperville, Illinois 60540. Defendant Technics' registered agent for service of process in Illinois is Coman & Anderson, PC, 650 Warrenville Rd., Suite 500C, Lisle, IL, 60532.

## NATURE OF THIS ACTION

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## JURISDICTION AND VENUE

6. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7. Upon information and belief, U.S. Venture directs and/or controls U.S. Oil such that U.S. Oil constitutes the alter ego and/or agent of U.S. Venture. Upon information and belief, U.S. Venture wholly owns U.S. Oil and U.S. Oil is financially dependent on U.S. Venture, U.S. Venture shares common officers and/or directors with U.S. Oil, and/or U.S. Venture exercises control over the marketing and operational policies of U.S. Oil (hereinafter, collectively "U.S. Venture").

8. This Court has personal jurisdiction over U.S. Venture by virtue of U.S. Venture's significant contacts with this forum. On information and belief, U.S. Venture makes butane blended gasoline and/or uses a system for making butane blended gasoline that is and has been offered for sale, sold, purchased, and/or stored (directly or indirectly through third party terminals) in the Northern District of Illinois. On information and belief, U.S. Venture, directly and/or through its distribution network places such butane blended gasoline within the stream of commerce, with knowledge and/or understanding that such butane blended gasoline will be sold in the Northern District of Illinois. Therefore, exercise of jurisdiction over U.S. Venture will not offend traditional notions of fair play and substantial justice.

9. Upon information and belief, Technics is subject to personal jurisdiction by virtue of its contacts with the State of Illinois, and with the Northern District of Illinois in particular. Technics maintains its principal place of business in this district, in Naperville, Illinois, and transacts business in this district, including making, using, selling, and/or offering to sell systems for the blending of butane and gasoline, such as Technics Butane Blenders.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because this Court has personal jurisdiction over Defendants and Defendant Technics has it principal place of business in this District.

11. Joinder of Defendants in this case is proper under 35 U.S.C. § 299 because (1) certain infringing acts of Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process, and (2) there exists questions of fact common to all Defendants.

## FACTS COMMON TO EACH CLAIM FOR RELIEF

12. On information and belief, Technics markets, uses, offers for sale and sells butane blenders and systems. Technics' butane blending process for use with its butane blenders and systems is powered by its LOGOS platform. A typical operation for butane blending using Technics' LOGOS platform is as follows:

1) LOGOS places the system in ready mode and it immediately samples the butane feed, measures and records the RVP.

2) After the butane is recorded, the system sits idle waiting for gasoline flow. Once detected the raw gasoline is sampled and its vapor pressure and density are recorded.

3) The system begins to add butane to the flow. The amount of butane delivered is calculated through a specific algorithm equating the density and RVP of the feed streams along with certain assumptions on their composition.

4) At this point the system begins analyzing the homogenized fuel and adjusts the transfer of butane to match the overall target given the value of the blend already transferred to the storage tank.

5) The system re-enters idle mode when the gasoline flow is stopped. A batch report is generated and stored in the computer. The deviation between calculated and actual RVP is used by the computer to modify its stored algorithm in preparation for the next transfer.

*See* **Exhibit 1** [http://www.technicsglobal.com/PDFs/TechnicsButaneBrochure.pdf].

13. Upon information and belief, Technics sells butane blenders and systems to gas and liquid processing facilities to which Technics offers tank farm management controls and butane blending equipment. Upon information and belief, one of those customers is U.S. Venture.

14. Upon information and belief, U.S. Venture has been operating a butane blending system designed, constructed, and/or maintained by Technics in at least three locations: U.S. Oil Madison South Terminal, U.S. Oil Milwaukee Central Terminal, and U.S. Oil Fox River Terminal.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,679,302

15.    Sunoco realleges and incorporates herein by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

16.    On January 20, 2004, U.S. Patent No. 6,679,302 (the "'302 patent") was duly and legally issued by the U.S. Patent and Trademark Office ("PTO") to Mattingly et al. for an invention relating to a "Method And System For Blending Gasoline And Butane At The Point Of Distribution." A true and correct copy of the '302 patent is attached hereto as **Exhibit 2**. The '302 patent is presumed valid pursuant to 35 U.S.C. § 282.

17.    Mattingly et al. assigned all right, title and interest in the '302 patent to MCE Blending, LLC. MCE Blending, LLC subsequently assigned all right, title and interest in the '302 patent to Sunoco Partners Butane Blending LLC. Thereafter, Sunoco Partners Butane Blending LLC assigned all right, title and interest in the '302 patent to Plaintiff Sunoco Partners Marketing & Terminals L.P.

18.    In violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, U.S. Venture has been, and still is, infringing one or more claims of the '302 patent by making, using, selling and/or offering to sell, without authority, gasoline blended with butane, by performing the claimed methods and/or by using the claimed systems for the blending of butane and gasoline.

19.    In violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, Technics has been, and still is, infringing one or more claims of the '302 patent by making, using, selling and/or offering to sell, without authority, gasoline blended with butane, by performing the claimed methods and/or by using the claimed systems for the blending of butane and gasoline.

20. In violation of 35 U.S.C. § 271(b), Technics is actively inducing, will continue to actively induce, and upon information and belief Technics has actively induced others, such as U.S. Venture and other Technics' customers, to directly infringe the '302 patent in this district and elsewhere in the United States.

21. Upon information and belief, U.S. Venture and Technics will continue to infringe one or more claims of the '302 patent unless enjoined by this Court.

22. U.S. Venture has been, or at least should have been, aware of the '302 patent prior to the filing of this Complaint after being put on notice of Sunoco's butane blending patents.

23. Defendants' continued making, using, selling and/or offering to sell gasoline blended with butane and/or systems or methods for the blending of butane and gasoline constitutes at least reckless disregard of the '302 patent. As a result, Defendants' infringement of the '302 patent has been willful.

24. Technics' continued inducement of others to directly infringe the '302 patent constitutes at least reckless disregard of the '302 patent. As a result, Technics' infringement of the '302 patent has been willful.

25. As a result of U.S. Venture's and Technics' infringement, Sunoco has suffered and will continue to suffer damages in an amount to be proven at trial and irreparable harm.

26. Upon information and belief, the conduct of U.S. Venture presents an exceptional case such that Sunoco is entitled to an award of its reasonable attorneys' fees, as provided by 35 U.S.C. § 285.

27. Upon information and belief, the conduct of Technics presents an exceptional case such that Sunoco is entitled to an award of its reasonable attorneys' fees, as provided by 35 U.S.C. § 285.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,032,629

28. Sunoco realleges and incorporates herein by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

29. On April 25, 2006, U.S. Patent No. 7,032,629 (the "'629 patent") was duly and legally issued by the U.S. Patent and Trademark Office ("PTO") to Mattingly et al. for an invention relating to a "Method And System For Blending Gasoline And Butane At The Point Of Distribution." A true and correct copy of the '629 patent is attached hereto as **Exhibit 3**. The '629 patent is presumed valid pursuant to 35 U.S.C. § 282.

30. Mattingly et al. assigned all right, title and interest in the '629 patent to MCE Blending, LLC. MCE Blending, LLC subsequently assigned all right, title and interest in the '629 patent to Sunoco Partners Butane Blending LLC. Thereafter, Sunoco Partners Butane Blending LLC assigned all right, title and interest in the '629 patent to Plaintiff Sunoco Partners Marketing & Terminals L.P.

31. In violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, U.S. Venture has been, and still is, infringing one or more claims of the '629 patent by making, using, selling and/or offering to sell, without authority, gasoline blended with butane, by performing the claimed methods and/or by using the claimed systems for the blending of butane and gasoline.

32. In violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, Technics has been, and still is, infringing one or more claims of the '629 patent by making, using, selling and/or offering to sell, without authority, gasoline blended with butane, by performing the claimed methods and/or by using the claimed systems for the blending of butane and gasoline.

33. In violation of 35 U.S.C. § 271(b), Technics is actively inducing, will continue to actively induce, and upon information and belief Technics has actively induced others, such as U.S. Venture and other Technics' customers, to directly infringe the '629 patent in this district and elsewhere in the United States.

34. Upon information and belief, U.S. Venture and Technics will continue to infringe one or more claims of the '629 patent unless enjoined by this Court.

35. U.S. Venture has been, or at least should have been, aware of the '629 patent prior to the filing of this Complaint after being put on notice of Sunoco's butane blending patents.

36. Defendants' continued making, using, selling and/or offering to sell gasoline blended with butane and/or systems or methods for the blending of butane and gasoline constitutes at least reckless disregard of the '629 patent. As a result, Defendants' infringement of the '629 patent has been willful.

37. Technics' continued inducement of others to directly infringe the '629 patent constitutes at least reckless disregard of the '629 patent. As a result, Technics' infringement of the '629 patent has been willful.

38. As a result of U.S. Venture's and Technics' infringement, Sunoco has suffered and will continue to suffer damages in an amount to be proven at trial and irreparable harm.

39. Upon information and belief, the conduct of U.S. Venture presents an exceptional case such that Sunoco is entitled to an award of its reasonable attorneys' fees, as provided by 35 U.S.C. § 285.

40. Upon information and belief, the conduct of Technics presents an exceptional case such that Sunoco is entitled to an award of its reasonable attorneys' fees, as provided by 35 U.S.C. § 285.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 7,631,671

41. Sunoco realleges and incorporates herein by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

42. On December 15, 2009, U.S. Patent No. 7,631,671 (the "'671 patent") was duly and legally issued by the U.S. Patent and Trademark Office ("PTO") to Mattingly et al. for an invention relating to "Versatile Systems For Continuous In-Line Blending Of Butane And Petroleum." A true and correct copy of the '671 patent is attached hereto as **Exhibit 4**. The '671 patent is presumed valid pursuant to 35 U.S.C. § 282.

43. Mattingly et al. assigned all right, title and interest in the '671 patent to MCE Blending, LLC. MCE Blending, LLC subsequently assigned all right, title and interest in the '671 patent to Sunoco Partners Butane Blending LLC. Thereafter, Sunoco Partners Butane Blending LLC assigned all right, title and interest in the '671 patent to Plaintiff Sunoco Partners Marketing & Terminals L.P.

44. In violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, U.S. Venture has been, and still is, infringing one or more claims of the '671 patent by making, using, selling and/or offering to sell, without authority, gasoline blended with butane, by performing the claimed methods and/or by using the claimed systems for the blending of butane and gasoline.

45. In violation of 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, Technics has been, and still is, infringing one or more claims of the '671 patent by making, using, selling and/or offering to sell, without authority, gasoline blended with butane, by performing the claimed methods and/or by using the claimed systems for the blending of butane and gasoline.

46. In violation of 35 U.S.C. § 271(b), Technics is actively inducing, will continue to actively induce, and upon information and belief Technics has actively induced others, such as U.S. Venture and other Technics' customers, to directly infringe the '671 patent in this district and elsewhere in the United States.

47. Upon information and belief, U.S. Venture and Technics will continue to infringe one or more claims of the '671 patent unless enjoined by this Court.

48. Upon information and belief, U.S. Venture has been aware, or at least should have been aware, of the '671 patent prior to the filing of this Complaint after being put on notice of Sunoco's butane blending patents.

49. Defendants' continued making, using, selling and/or offering to sell gasoline blended with butane and/or systems or methods for the blending of butane and gasoline constitutes at least reckless disregard of the '671 patent. As a result, Defendants' infringement of the '671 patent has been willful.

50. Technics' continued inducement of others to directly infringe the '671 patent constitutes at least reckless disregard of the '671 patent. As a result, Technics' infringement of the '671 patent has been willful.

51. As a result of U.S. Venture's and Technics' infringement, Sunoco has suffered and will continue to suffer damages in an amount to be proven at trial and irreparable harm.

52. Upon information and belief, the conduct of U.S. Venture presents an exceptional case such that Sunoco is entitled to an award of its reasonable attorneys' fees, as provided by 35 U.S.C. § 285.

53. Upon information and belief, the conduct of Technics presents an exceptional case such that Sunoco is entitled to an award of its reasonable attorneys' fees, as provided by 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Sunoco prays for judgment and seeks relief against U.S. Venture and Technics as follows:

(a) For a judgment that one or more claims of the '302, '629, and '671 patents have been and continue to be infringed by U.S. Venture and Technics;

(b) For a judgment that U.S. Venture's and Technics' infringement of the '302, '629, and '671 patents has been willful;

(c) For a judgment and an award of all damages sustained by Sunoco as the result of U.S. Venture's and Technics' acts of infringement, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

(d) For a permanent injunction enjoining U.S. Venture and Technics from infringing one or more claims of the '302, '629, and '671 patents;

(e) For a judgment and an award of enhanced damages pursuant to 35 U.S.C. § 284;

(f) For a judgment and an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(g) For a judgment and an award of all interest and costs; and

(h) For a judgment and an award of such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

In accordance with Fed. R. Civ. P. 38 and 39, Sunoco asserts its rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues that may be so tried.

DATED: September 17, 2015            Respectfully Submitted,

By : /s/ *George C. Lombardi*

George C. Lombardi
glombard@winston.com
WINSTON & STRAWN LLP
35 West Wacker
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

John R. Keville
jkeville@winston.com
Michelle C. Replogle
mreplogle@winston.com
Luke A. Culpepper
lculpepper@winston.com
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002-5242
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

ATTORNEYS FOR PLAINTIFF
SUNOCO PARTNERS MARKETING &
TERMINALS, L.P.